UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHERINE CONNER

CIVIL ACTION

VERSUS

STATE OF LOUISIANA

NO. 12-0653-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 15th day of March, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHERINE CONNER                                                     CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                                   NO. 12-0653-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an Answer and a Response thereto. There is no need for oral argument or for an evidentiary hearing.

The pro se petitioner, Katherine Conner, filed the instant habeas corpus proceeding challenging her conviction and sentence, entered in the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana, on a charge of felony theft, a violation of La. R.S. 14:67. The petitioner asserts (1) that there was no probable cause for her arrest, (2) that the purported victim was in fact the one who committed a criminal offense but was not prosecuted therefor, (3) that she was denied due process because there was no investigation, no preliminary hearing, and she was denied the right to present evidence at trial, (4) that the trial court imposed excessive fines and bail, (5) that the trial court lacked jurisdiction because the alleged victim was an inhabitant of a state other than Louisiana, and (6) that she was denied equal protection because credence was given to the out-of-state offender's claims.[1]

Upon a review of the petitioner's application and the state court record, it appears that she was charged by bill of information with the above-referenced offense and, after a trial by jury, was

---

[1] Pursuant to Motion to Withdraw, rec.doc.no. 12, granted by the Court on this date, the petitioner has voluntarily dismissed two additional claims, that she was provided with ineffective assistance of counsel at trial and that she was retaliated against by the district attorney and trial judge for complaints regarding her alleged false arrest and regarding the failure of the trial judge to conduct a preliminary hearing.

found guilty and sentenced to three years in confinement, which sentence was suspended in its entirety, subject to a period of supervised probation, a period of public service, a fine in the amount of $1,000.00, and restitution in the amount of $10,251.46.  The petitioner subsequently filed a Motion for Post-Verdict Judgment of Acquittal or New Trial, which motion was denied by the state trial judge on March 5, 2010.  The petitioner appealed her conviction, asserting only that the evidence was insufficient to support the verdict and that the amount awarded in restitution was excessive.  On March 25, 2011, the Louisiana Court of Appeal for the First Circuit affirmed the conviction and sentence and remanded for a determination regarding the manner in which restitution should be paid.  State v. Conner, 58 So.3d 1152, 2011 WL 1260084 (La. App. 1st Cir., March 25, 2011).  The petitioner subsequently applied for supervisory review before the Louisiana Supreme Court, which application was denied by the Supreme Court on October 14, 2011.  State v. Conner, 74 So.3d 218 (La. 2011).

The petitioner filed the instant habeas corpus proceeding in this Court on October 17, 2012.  No evidentiary hearing is required.  As asserted by the State, the petitioner's application is subject to dismissal because she has failed to exhaust state court remedies relative to the claims asserted herein.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust her claims by presenting them for review before the courts of the state in which she is confined.  The exhaustion requirement is satisfied only when the petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  Ruiz v. Quarterman, 460 F.3d 638 (5th Cir. 2006), cert. denied, 549 U.S. 1283, 127 S.Ct. 1815, 167 L.Ed.2d 326 (2007).  As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). See also Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Without reaching the merits of the petitioner's claims, it is clear from a review of the petitioner's application and the state court record that she has not exhausted state court remedies relative to the claims asserted in this proceeding. In her direct appeal in state court, the petitioner asserted only the claims that the evidence was insufficient to support the verdict and that the amount awarded in restitution was excessive. In her original application for habeas corpus relief in this Court, rec.doc.no. 1, she acknowledged that she had not presented any of the claims asserted in this proceeding either on direct appeal or in a subsequently filed application for post-conviction relief in the state trial or appellate courts. Although she has since filed an amendment to her habeas corpus application and has stated therein that she has "exhausted all state remedies" and "appealed to the highest court" in connection with her claims, see rec.doc.nos. 9 and 10, these statements are conclusory, are not borne out by the record, and are directly contradicted by statements in her original application which acknowledged that her claims had not been presented either at trial or on appeal. Accordingly, in the absence of any evidence or other showing that the petitioner has in fact exhausted state court remedies relative to the claims asserted herein, her application in this Court is subject to dismissal for this reason.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the petitioner has not yet filed a notice of appeal, the Court may address whether she would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895 (5th Cir. 2000). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. In cases where the Court has rejected the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In the instant case, the Court finds that reasonable jurists could not debate the denial of the petitioner's § 2254

application, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b) and (c). It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Baton Rouge, Louisiana, this 15th day of March, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE